UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOLOMON ADU-BENIAKO,

    Plaintiff,

v.

KRYSTALLA SHANIQUE
CROSS,

    Defendant.
_____/

Case No. 2:20-cv-12187
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION
TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1)**

**I.    RECOMMENDATION:** The Court should dismiss Plaintiff's complaint (ECF No. 1) for lack of subject matter jurisdiction.

**II.    REPORT:**

    **A.    Background**

On August 13, 2020, Dr. Adu-Beniako filed this lawsuit against a single Defendant, Krystalla Shanique Cross, who is identified as "one of the Medical Assistants at the Plaintiff's newly opened Medical Clinic in Southfield, Michigan from September 2016 until the Defendant was fired in October 2017[.]"  (ECF No. 1, PageID.4.)  Plaintiff states that Cross "was caught red-handed verifying, over the phone fraudulent prescriptions (HYDROCODONE, PROMETHAZINE WITH

1

CODEINE) for someone called Macy Glover, using alias Anita . . . [,]" and "was fired[.]" (*Id.*)

Plaintiff substantiates his claims by attaching: (a) a Michigan Automated Prescription System (MAPS) report – for the period 4/5/16 to 4/5/18 – for various forms of oxycodone (ECF No. 1-2); (b) a similar MAPS report for oxymorphone (ECF No. 1-3); and, (c) one-page of typewritten notes endeavoring to explain which "prescriptions on the flash drive" are his and which are not (ECF No. 1-4). According to Plaintiff, "MAPS and other Sources would show extensive damage done to the Plaintiff's credentials[,]" and "Defendant's criminal actions have caused severe damages and injustice to the Plaintiff's reputation, career and family." (ECF No. 1, PageID.4-5.)[1]

Plaintiff "respectfully requests that this Honorable Court grant Judgment clearing the Plaintiff's name and order other relief that it decides, the Plaintiff is entitled to." (*Id.*) Also, Plaintiff requests that Defendant Cross "be handed down punishment which this Honorable Court deems it fit." (*Id.*)[2]

---

[1] According to Michigan's Department of Licensing and Regulatory Affairs (LARA), Solomon Adu-Beniako's Controlled Substance and Medical Doctor licenses are revoked or suspended. *See* https://aca-prod.accela.com/MILARA/GeneralProperty/PropertyLookUp.aspx?isLicensee=Y&TabName=APO (last visited Nov. 18, 2020).

[2] On August 29, 2020, Adu-Beniako filed a separate lawsuit against Patrick Reimann and the DEA, each of whom was served in October 2020 but neither of whom has yet to appear. *See* Case No. 4:20-cv-12402-MFL-RSW (E.D. Mich.).

It seems that Cross has not yet been served. Per Judge Lawson's November 12, 2020 order, Plaintiff must serve Defendant by December 17, 2020. (ECF No. 7.)

**B.     Discussion**

This case has been referred to me for all pretrial matters. (ECF No. 9.) When Plaintiff filed his complaint, he represented that jurisdiction was based on the existence of a federal question. (ECF No. 1-1, PageID.7.) Perhaps he thought so given his assertions that federal jurisdiction is based on:

- a) The fraudulent use of Federal DEA to fill Controlled Substances

- b) Use of telephone to commit fraud involving Controlled Substance

- c) People crossed State line to commit prescription fraud involving Controlled Substances

- d) Identity Theft / fraud

(ECF No. 1, PageID.3; *see also id.*, PageID.5.) However, the first three of these assertions are matters that would be between the United States Government and a defendant in a criminal case. Plaintiff admits as much by his references to

---

In that complaint, Adu-Beniako "respectfully requests that the Eastern District Court of Michigan reverses the decision of the DEA Administration and order any other relief that it decides he is entitled to receive." (ECF No. 1, PageID.9.) The attachments to the complaint include, but are not limited to: (a) a Michigan Automated Prescription System (MAPS) report – for the period 4/5/16 to 4/5/18 – for various forms of oxycodone (ECF No. 1-1); and (b) a similar MAPS report for oxymorphone (ECF No. 1-2).

"crimes[,]" the "light sentence" rendered by the state court as to another individual, "Defendant's criminal actions," and by his request for the Court to "hand[] down *punishment* which this Honorable Court deems . . . fit." (*Id.*, PageID.4-5.)

As for Plaintiff's assertion that federal jurisdiction can be based on identity theft or fraud, Plaintiff does not cite a federal statute – such as a section of the United States Code – on which such a civil claim would be based. Thus, there is no apparent basis for federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Instead, based on the foregoing discussion of Plaintiff's operative pleading − and to the extent his claims can even be liberally construed as civil rather than criminal in nature − Plaintiff's reference to the "extensive damage done to [his] credentials[,]" and Plaintiff's request that the Court "grant Judgment clearing [his] name . . ." seem to rest in a common law claim for defamation, which should be litigated in state court. (ECF No. 1, PageID.4-5.) Likewise, his broad references to "fraud," unlawful use of his credentials and "identity theft" appear to be grounded in Michigan common law, the latter tort being a sub-set of invasion of privacy. (*Id.*, PageID.3-4.) *See Battaglieri v Mackinac Ctr. for Pub. Policy*, 261 Mich. App. 296, 301, 680 N.W.2d 915 (2004) ("any unauthorized use of a plaintiff's name or likeness, however inoffensive in itself, is actionable if that use results in a benefit to another."); *see*

*also*, Restatement (Second) of Torts § 652C (1977) (An invasion of privacy through appropriation occurs when a defendant uses the plaintiff's name or likeness without permission to Defendant's benefit.)

Moreover, assuming the parties' addresses are accurately listed in the complaint, Plaintiff and Defendant each appear to be citizens of Michigan. Thus, there is no basis for diversity jurisdiction. 28 U.S.C. § 1332. There being no evident basis of subject matter jurisdiction, Plaintiff's complaint should be dismissed.

### III. PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: November 20, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE